```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STOKER OLUKOTUN WILLIAMS,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       14-CV-5742(JS)(ARL)

DR. VINCENT GERACI (official and
individual), WARDEN CHARLES EWALD,
2 JOHN DOES (both deputies), JANE
Doe (Nurse), JANE DOE (female
sergeant), PECONIC BAY HOSPITAL,
and SUFFOLK COUNTY JAIL,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Stoker Olukotun Williams, pro se
                    494733
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No appearances.

SEYBERT, District Judge:
```

On September 26, 2014, incarcerated pro se plaintiff Stoker Olukotun Williams ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Suffolk County Jail ("the Jail"), Dr. Vincent Geraci, Warden Charles Ewald, Peconic Bay Hospital, and four unidentified individuals, two of whom are alleged to be "deputies," a female sergeant, and a "Jane Doe" nurse (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis and an application for the appointment of pro bono counsel to represent him in this case.

Upon review of the declaration in support of the

application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. Accordingly, the Court ORDERS service of the Summonses and Complaint upon the Defendants other than the Jail by the United States Marshal Service ("USMS").[1] However, for the reasons that follow, the application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when this case is trial ready, if so warranted at that time.

DISCUSSION

I. Appointment of Pro Bono Counsel

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an

---

[1] Plaintiff's claims against the Jail are not plausible because the Jail has no independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (citations and internal quotation marks omitted); Trahan v. Suffolk Cnty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."). Thus, Plaintiff's claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE.

attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

Notwithstanding the requirement that pleadings drafted by a pro se litigant, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon careful review of the facts presented herein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time. Even assuming that Hodge's threshold

3

requirement is satisfied, the record reflects that the legal issues presented are not unduly complex and that Plaintiff can adequately prosecute his claim pro se.  Based on this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time.  It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se.  See 28 U.S.C. § 1654.

II. Valentin Order

The USMS will not be able to effect service of the Summonses and the Complaint on the unidentified Defendants without more information.  The Second Circuit has held that district courts must provide incarcerated pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants.  See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam).  Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney.  The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unnamed individuals who are described in the Complaint (see Compl. ¶¶ IV, and at 6-10) and to provide to the Court and to Plaintiff the names and the address(es) where these individuals can be served within thirty (30) days of the date that this Order is served upon it.  Once the information is provided to the Court by the Suffolk

County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them. The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in Valentin.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Summonses and Complaint upon the Defendants other than the Jail by the USMS. Plaintiff's claims against the Jail are DISMISSED WITH PREJUDICE.

The Clerk of the Court is further ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified individuals who are described in the Complaint and to provide the names and address(es) where these Defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed

Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them.

Plaintiff's application for the appointment of pro bono counsel to represent him in this case is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when this case is trial ready, if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __28__, 2015
      Central Islip, New York