```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STOKER OLUKOTUN WILLIAMS,

                        Plaintiff,
                                              MEMORANDUM & ORDER
            -against-                         14-CV-5742(JS)(ARL)

DR. VINCENT GERACI, CHARLES EWALD,
DEPUTY ALLEN SHAPIRO, NURSE PAT DONNADIO,
NURSE LAIRD MERRDEL, NURSE KRISTEN
CERMINARO, MARION WEBSTER, OFFICER ROBERT
"BOB" KOCH, SUFFOLK COUNTY,
DEPUTY DOUGLAS MEHRMAN,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Stoker Olukotun Williams, pro se
                   Inmate No. 494733
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, NY 11901

For Defendants:    Brian C. Mitchell, Esq.
                   Suffolk County Attorney
                   100 Veteran's Memorial Highway
                   P.O. Box 6100
                   Hauppauge, NY 11788
```

SEYBERT, District Judge:

Currently pending before the Court are the following motions: (1) Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated June 15, 2015 (the "R&R"), (R&R, Docket Entry 41), and Plaintiff Stoker Olukotun Williams' ("Plaintiff") objections to the R&R, (Pl.'s Obj., Docket Entry 43); (2) Plaintiff's Order to Show Cause dated September 16, 2015 ("Plaintiff's Second Motion"), (Pl.'s Sec. Mot., Docket Entry 58);

(3) Plaintiff's Order to Show Cause dated April 4, 2016 ("Plaintiff's Third Motion"), (Pl.'s Third Mot., Docket Entry 109); and (4) Plaintiff's Order to Show Cause dated September 27, 2016 ("Plaintiff's Fourth Motion"), (Pl.'s Fourth Mot., Docket Entry 132).

BACKGROUND

On September 26, 2014, Plaintiff, an inmate at Suffolk County Correctional Facility ("SCCF") commenced this action asserting claims for deliberate indifference to medical needs pursuant to 42 U.S.C. § 1983. (See generally Am. Compl, Docket Entry 123.)

I. The R&R

On April 22, 2015, the Court referred Plaintiff's Order to Show Cause dated April 16, 2015 ("Plaintiff's First Motion," Docket Entry 22) to Judge Lindsay for a Report and Recommendation (Referral Order, Docket Entry 25). The Court construes Plaintiff's First Motion for a temporary restraining order and preliminary injunction as seeking an Order directing Defendants to provide: (1) a wheelchair and placement in a handicap cell, (2) treatment by an orthopedist, (3) an MRI, and (4) physical therapy and pain medication. (Pl.'s First Mot. at 2-3.)

On June 15, 2015, Judge Lindsay issued her R&R recommending that Plaintiff's First Motion be denied. Judge Lindsay indicated that Plaintiff's request for a wheelchair is

moot, as his correspondence dated June 1, 2015, (Pl.'s Ltr., Docket Entry 40), states that he was provided with a wheelchair. (R&R at 3.) Additionally, Judge Lindsay concluded that Plaintiff has not established that he is in imminent danger of suffering irreparable harm, as the medical records before the Court do not demonstrate that Plaintiff's proposed treatment options are medically necessary. (R&R at 3.) Judge Lindsay found that Plaintiff failed to demonstrate that "defendants acted with deliberate disregard of a serious medical need." (R&R at 4.) Finally, Judge Lindsay concluded that the record does not indicate that Plaintiff exhausted his administrative remedies regarding his request that SCCF be enjoined from issuing additional disciplinary charges. (R&R at 4.)

On June 29, 2015, Plaintiff filed objections to the R&R ("Plaintiff's Objections"). (Pl.'s Obj.) The Court construes Plaintiff's Objections as raising two specific objections to the R&R: (1) Judge Lindsay erred in concluding that Plaintiff's request for a wheelchair was moot, and (2) Judge Lindsay erred in concluding that the record did not demonstrate that Plaintiff exhausted his administrative remedies with respect to his request that Defendants be enjoined from issuing additional disciplinary charges. (Pl.'s Obj. at 13-14.)

II. Plaintiff's Second Motion

Plaintiff's Second Motion seeks a temporary restraining order and preliminary injunction, and requests that the Court enjoin Defendants from preventing Plaintiff from printing out cases in the Law Library. (Pl.'s Sec. Mot. at 1-2.) Plaintiff alleges that due to budgetary concerns, SCCF has disabled the printers and directed inmates to copy information from the Law Library computer by hand. (Pl.'s Sec. Mot. at 2.) Plaintiff avers that he is only entitled to one hour in the Law Library every two weeks and argues that he "should be able to use resources to fight [his] criminal charges as if [he is] free." (Pl.'s Sec. Mot. at 2-3.)

III. Plaintiff's Third Motion

Plaintiff's Third Motion seeks a temporary restraining order and preliminary injunction, and requests that the Court direct Defendants to provide: (1) a wheelchair, (2) orthopedic sneakers selected by Plaintiff, (2) physical therapy, (3) an MRI of Plaintiff's entire spine, and (4) treatment by an orthopedist of Plaintiff's choosing. (Pl.'s Third Mot. at 2.) Plaintiff also alleges that he has received five disciplinary tickets based on false allegations that he refused to go to Court. (Pl.'s Third Mot. at 5.) Plaintiff alleges that he is unable to walk through the tunnel connecting SCCF to the courthouse due to back pain. (Pl.'s Thihrd Mot. at 4.) Plaintiff avers that he requires a

wheelchair, but notes that he was given a wheelchair on four occasions during 2015 when SCCF was provided with an "Order to Produce." (Pl.'s Third Mot. at 5.) Plaintiff requests an Order "restrict[ing] [Defendants] from issuing any more disciplinary tickets related to refusing to go to Court." (Pl.'s Third Mot. at 6.)

IV. Plaintiff's Fourth Motion

Plaintiff's Fourth Motion seeks a temporary restraining order and preliminary injunction, and requests that the Court direct defendant Dr. Vincent Geraci ("Dr. Geraci") to: (1) send Plaintiff for an MRI of his "whole spine," (2) provide physical therapy three times per week, (3) schedule Plaintiff for surgery to remove tumors from his "spinal canal," and (4) permit Plaintiff to use a wheelchair in the jail. (Pl.'s Fourth Mot. at 2.) Plaintiff alleges that he has been diagnosed with spinal lipomatosis. (Pl.'s Fourth Mot. at 4.)

## DISCUSSION

A party seeking a preliminary injunction must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Johnson v. Connolly, 378 F. App'x 107, 108 (2d Cir. 2010). However, where the movant seeks a "mandatory

5

injunction" that will "alter rather than maintain the status quo," he must satisfy the higher standard of establishing "a clear or substantial likelihood of success on the merits." Id. (internal quotation marks and citation omitted).

A prisoner asserting a claim for a violation of the Eighth Amendment based on inadequate medical care must prove that the defendants were deliberately indifferent to his medical needs. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). To establish deliberate indifference, the plaintiff must demonstrate the following subjective and objective components: (1) "the alleged deprivation must be, in objective terms, sufficiently serious," and (2) "the defendant must act with a sufficiently culpable state of mind." Id. (internal quotation marks and citations omitted). However, it is well-settled that "'mere disagreement'" regarding the appropriate treatment does not form the basis for a constitutional claim, and "'[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.'" Funderburke v. Canfield, No. 13-CV-6128, 2016 WL 831974, at *7 (W.D.N.Y. Feb. 29, 2016) (quoting Chance, 143 F.3d at 704).

Each of Plaintiff's four pending motions seek a temporary restraining order and preliminary injunction. The Court

will address Plaintiff's motions in reverse chronological order beginning with his most recent Fourth Motion.

I.  Plaintiff's Fourth Motion

As set forth above, Plaintiff's Fourth Motion requests that the Court direct Dr. Geraci to provide an MRI of Plaintiff's entire spine, physical therapy three times per week, surgery to remove spinal tumors, and access to a wheelchair while in the jail. (Pl.'s Fourth Mot. at 2.)  The Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits.

First, "[w]hether an MRI should have been done is a classic example of a matter for medical judgment as to the appropriate course of treatment and is not actionable under the Eighth Amendment." Fleming v. City of N.Y., No. 03-CV-0662, 2009 WL 3174060, at *3 (E.D.N.Y. Sept. 30, 2009) (alteration in original).  Furthermore, Plaintiff concedes that Dr. Geraci sent him for an MRI of his lumbar spine and advised that an MRI of Plaintiff's entire spine will be ordered, if necessary, in the future.  (Pl.'s Fourth Mot. at 3-4.)  Second, "[d]isagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments, not the Eighth Amendment." Wright v. Genovese, 694 F. Supp. 2d 137, 155 (N.D.N.Y. 2010), aff'd, 415 F. App'x 313 (2d Cir. 2011) (citations omitted).  Plaintiff alleges that he had a consultation with a neurologist, an MRI of the lumbar

7

spine, and has been prescribed pain medication (albeit, medication that Plaintiff alleges is ineffective). (Pl.'s Fourth Mot. at 5-6.) While Plaintiff asserts that his spinal lipomatosis requires surgery and questions Dr. Geraci's determination that his tumors are benign in the absence of a biopsy, "[a]n inmate does not have the right to treatment of his choice." Wright, 694 F. Supp 2d at 155.

Third, Plaintiff concedes that he "ha[s] a court order from [his] criminal Judge that forces the jail to give [him] a wheelchair for court trips." (Pl.'s Fourth Mot. at 7.) Plaintiff asserts that he needs a wheelchair on a daily basis because there are no benches in the yard and he cannot stand for an hour during recreation. (Pl.'s Fourth Mot. at 7.) Plaintiff's cited reason for requiring a wheelchair at all times--that it would provide him with a place to sit during recreation rather than sitting on the ground--is not compelling and constitutes a disagreement as to the appropriate medical treatment for his condition.

Accordingly, the Court finds that Plaintiff has not established his entitlement to injunctive relief and DENIES Plaintiff's Fourth Motion. See, e.g., Neary v. Naqvi, No. 14-CV-1631, 2015 WL 5116727, at *2 (D. Conn. Aug. 28, 2015) (denying the prisoner's motion for a preliminary injunction directing the defendants to surgically remove a growth in his chest where "the evidence produced thus far is tantamount to a prisoner's

8

disagreement with a medical doctor about the proper course of treatment").

II. Plaintiff's Third Motion

Plaintiff's Third Motion is duplicative of his Fourth Motion to the extent it requests an Order directing Defendants to provide a wheelchair, physical therapy, and an MRI of Plaintiff's entire spine. (Pl.'s Third Mot. at 2.) The Court similarly finds that Plaintiff's requests for orthopedic sneakers and treatment by an orthopedist of his choosing relates to his disagreement with his medical treatment and does not support a likelihood of success on the merits.

To the extent that Plaintiff requests an Order enjoining Defendants from issuing disciplinary tickets with respect to false allegations of Plaintiff's refusal to go to Court, (Pl.'s Third Mot. at 6), that request relates to matters outside of the Eighth Amendment deliberate indifference claims in this lawsuit and cannot support Plaintiff's motion for injunctive relief. See, e.g., Lopez v. McEwan, No. 08-CV-0678, 2009 WL 179815, at *2 (D. Conn. Jan. 23, 2009) ("[b]ecause the plaintiff's allegations and request for relief relating to grievance restrictions are unrelated to the claims in the Complaint . . . the request for injunctive relief as to claims subsequent to the Complaint is inappropriate"); Suarez v. Keiser, No. 04-CV-6362, 2008 WL 4415197, at *2 (W.D.N.Y. Sept. 24, 2008) ("[p]laintiff's

9

application for injunctive relief must be denied, since it involves matters that are unconnected to the specific claims in this lawsuit"). Accordingly, Plaintiff's Third Motion is DENIED.

III. Plaintiff's Second Motion

As set forth above, Plaintiff's Second Motion requests that Defendants be directed to provide a working printer at the SCCF Law Library. (See Pl.'s Second Mot.) However, Plaintiff does not assert any claim regarding law library access in this action. See Van Gorder v. Workman, No. 03-CV-6409, 2006 WL 3375075, at *2 (W.D.N.Y. Oct. 30, 2006) ("[w]ithout a claim in his complaint that he is being denied access to the law library, logically plaintiff cannot meet two of the requirements to obtain injunctive relief under Federal Rule of Civil Procedure 65: likelihood of success on the merits, or sufficiently serious questions going to the merits"). Indeed, Plaintiff's Second Motion expressly seeks this injunctive relief to enable Plaintiff to litigate his criminal case, without reference to the case at bar. (Pl.'s Second Mot. at 3-4.)

In any event, Plaintiff has failed to demonstrate a likelihood of success on the merits for a claim of lack of access to an adequate law library. The Supreme Court has held that "the fundamental constitutional right of the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

10

libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977). However, "[t]he Constitution does not require unlimited and unrestricted access to a prison law library, and prison officials may impose reasonable restrictions on the use of the law library." Bain v. Hofmann, No. 06-CV-0189, 2010 WL 1403954, at *2 (D. Vt. Apr. 5, 2010) (denying the plaintiff's motion for a preliminary injunction where he alleged that he was "unable to open files he ha[d] stored on CD . . . not allowed to be in the library without a librarian present . . . [and] many of the law library computer functions [we]re blocked or inoperable") (internal quotation marks and citation omitted); see also Colon v. Goord, No. 05-CV-0129, 2007 WL 81922, at *2 (N.D.N.Y. Jan. 9, 2007) (holding that the plaintiff did not demonstrate a likelihood of success on his claim regarding access to the law library where he did not establish that the contents of the law library were inadequate and "merely complain[ed] about the efficiency of the law clerk assigned to assist [involuntary protective custody] inmates and the expediency in which he receives legal supplies and the materials he requests from the law library"). Here, Plaintiff appears to have access to the books and computers in the law library and does not argue that the contents of the library are inadequate. The Court is not persuaded that Plaintiff would likely

succeed on a claim based solely on SCCF's failure to provide inmates with a working printer.

Additionally, Plaintiff has not established that he suffered an actual injury based on his inability to print cases. Colon, 2007 WL 81922, at *2. Plaintiff alleges that he is only entitled to one hour of library time every two weeks and will be at a disadvantage in litigating his criminal case if he is forced to "copy by hand" rather than printing out cases. (Pl.'s Fourth Mot. at 3.) However, this claimed injury is speculative, as Plaintiff does not allege how his inability to print cases has impacted his ability to litigate his pending cases. See Van Gorder, 2006 WL 3375075, at *3. See also Colon, 2007 WL 81922, at *2 (holding that the plaintiff did not demonstrate an actual injury where he failed to "establish[ ] that he has been hindered in his pursuit of the claims in this or any other action"). Accordingly, Plaintiff's Second Motion is DENIED.

IV. Plaintiff's Objections to the R&R

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citations omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the

recommended disposition.  See Fed. R. Civ. P. 72(b)(2).  Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation that they are objecting to.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

The Court construes Plaintiff's Objections as raising two specific objections to the R&R: (1) Judge Lindsay erred in concluding that Plaintiff's request for a wheelchair was moot, and (2) Judge Lindsay erred in concluding that the record did not demonstrate that Plaintiff exhausted his administrative remedies with respect to his request that SCCF be enjoined from issuing

13

additional disciplinary charges. (Pl.'s Obj. at 13-14.) As addressed more fully above, Plaintiff has not demonstrated a likelihood of success on the merits regarding his request for a wheelchair. Additionally, the Court need not determine whether Plaintiff exhausted his administrative remedies, as Plaintiff's request for an injunction barring Defendants from issuing disciplinary charges does not relate to the claims at issue in this action. The balance of Plaintiff's Objections fail to raise any objections to specific portions of the R&R and instead reiterate prior arguments. (See generally Pl.'s Obj.) The Court reviews the remainder of the R&R for clear error and finds none.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections to Judge Lindsay's R&R are OVERRULED, the R&R (Docket Entry 41) is ADOPTED in its entirety, and Plaintiff's First Motion (Docket Entry 22) is DENIED. Plaintiff's Second Motion, (Docket Entry 58), Third Motion, (Docket Entry 109), and Fourth Motion, (Docket Entry 132), are DENIED.

Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   December _19__, 2016
         Central Islip, New York